**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINA TORRES, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| NATIONAL ENTERPRISE SYSTEMS, INC. ) ) ) | |
| Defendant. ) | JURY DEMAND |

**COMPLAINT - CLASS ACTION**

1  Plaintiff brings the action for damages, and other legal and equitable remedies, resulting from the illegal actions of National Enterprise Systems, Inc. (hereinafter referred to as "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA") and its practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The TCPA prohibits automated telephone calls to cellular telephones without prior express consent. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor.

**JURISDICTION AND VENUE**

2  There Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA). Venue in the District is proper because defendant transacts business here.

**PARTIES**

3  Plaintiff Christina Torres is, and at all times mentioned herein was, an individual

citizen of the State of Illinois, who resides in the district.

4	Defendant is an Ohio corporation that maintains its headquarters at 29125 Solon Road, Solon, OH 44139. Defendant provides collection services on millions of defaulted accounts including from individual consumers in Illinois.

5	Defendant regularly uses the mail and telephone to attempt to collect consumer debt and is a debt collector under the FDCPA.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227**

6	In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

7	The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

8	According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

9	On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of

a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS RELATING TO TCPA CLAIMS

10  At all times relevant, plaintiff was an individual residing in the State of Illinois. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

11  "During the transaction that resulted in the debt owed," plaintiff did not provide her wireless number to Defendant.

12  Defendant is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

13  Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received numerous calls from defendant on her cellular phone in or around December 2011 and January 2012.

14  Many of the calls that Defendant placed to Plaintiff's cellular telephone used a pre-recorded voice message.

15  Upon information and belief, the telephone contact by Defendant to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) and FCC Regulations, and all calls that are the subject of the complaint occurred within four years of the filing of the complaint.

16  The telephone number that Defendant used to contact plaintiff, with an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C.

§ 227(b)(1)(A)(iii).

17      The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18      Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

19      Defendant did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

20      Defendant's telephone calls to Plaintiff's cellular phone were placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

21      Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## FACTS RELATING TO FDCPA CLAIM

22      On or around January 13, 2012, Defendant telephoned Plaintiff at Plaintiff's place of employment.

23      On or around January 13, 2012, Plaintiff telephoned Defendant in response to the above referenced telephone call.

24      During this communication, Defendant notified Plaintiff that Defendant was attempting to collect a past due amount owed for Plaintiff's husband's student loan.

25	During this communication, Plaintiff agreed to make a one-time payment of $400.00 on January 31, 2012.

26	On January 24, 2012, Defendant sent a letter to Plaintiff confirming that the above referenced payment would be withdrawn on January 31, 2012.

27	In this letter Defendant further notified Plaintiff that Defendant intended to withdraw an additional payment of $2,295.53 on February 29, 2012.

28	On or around January 24, 2012, Plaintiff telephoned Defendant in response to the above referenced letter to notify Defendant that she did not authorize Defendant to process the February 29, 2012 payment.

29	Despite Plaintiff explicitly notifying Defendant that she did not authorize the February 29, 2012 payment, Defendant withdrew a payment of $2,295.53 on February 29, 2012.

## COUNT I - TCPA (CELLULAR CALLS)

30	Plaintiff incorporates the above factual allegations herein.

31	Defendant made automated telephone calls to the wireless telephone numbers of Plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

32	These phone calls were made without the prior express consent of Plaintiff or the class.

33	Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using

any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

    34     Because Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiff and the class.

    35     Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

    36     Plaintiff proposes the following class definition, subject to amendment as appropriate:

    (1) all persons within the United States or its territories (2) who, on or after March 21, 2008 (3) received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and (4) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

    37     Plaintiff does not know the exact number of members in the Class, but based upon defendant's size and national scope, plaintiff reasonably believes that class members number at minimum in the thousands.

    38     Plaintiff and all members of the class have been harmed by the acts of Defendant.

39	The Class Action Complaint seeks money damages and injunctive relief.

40	The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by defendant.

41	There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether, beginning on March 21, 2008, Defendant made nonemergency calls to plaintiff and class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

42	As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class,

and she has no interests which are antagonistic to any member of the class.

43     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

44     A class action is the superior method for the fair and efficient adjudication of the controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

45     Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

a. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

b. As a result of Defendant's willful and/or knowing violations of 47 U.S.C.

§227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    d. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

    e. An order certifying the action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

    f. Such other relief as the Court deems just and proper.

## COUNT II - FDCPA (INDIVIDUAL CLAIM)

46    Plaintiff incorporates the above factual allegations herein.

47    On or around February 29 2012, Defendant took $2,295.53 from Plaintiff's bank account without Plaintiff's authorization.

48    Defendant violated the FDCPA, 15 U.S.C. § 1692f, by processing an unauthorized payment from Plaintiff's bank account.

49    Plaintiff was damaged by Defendant's actions as Defendant took Plaintiff's money.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

      c. Such other or further relief as the Court deems appropriate.

      Respectfully submitted,

      /s/ Keith J. Keogh
      One of Plaintiff's attorneys

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

      /s/ Keith J. Keogh