# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 2267 |
| | ) |
| NATIONAL ENTERPRISE SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant National Enterprise Systems, Inc.'s (NES) motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff Christina Torres (Torres) contends that in January 2012, NES telephoned her on several occasions in connection with the collection of a debt (Debt) for a student loan incurred by Torres' husband. Torres claims that during one telephone conversation on January 13, 2012, she indicated that she could not afford

1

to make a payment towards the Debt. Torres claims that she stated that she would be able to pay $400 on January 31, 2012, and agreed to provide NES with the necessary information relating to Torres' checking account to enable NES to withdraw the $400 on that date. Torres allegedly also indicated that she might be able to pay the remainder of the Debt when she received her tax refund. According to Torres, at the beginning of March 2012, NES withdrew $2,295.53 from Torres' checking account. Torres contends that her account then became overdrawn and that she had to borrow money from a friend just to pay rent and other necessities. Torres includes in her second amended complaint a claim brought under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, alleging a violation of 15 U.S.C. § 1692e and a FDCPA claim alleging a violation of 15 U.S.C. § 1692f. NES now moves to dismiss the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th

Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Amendments to Complaint

In the instant motion to dismiss, NES repeatedly references allegations that Torres included in prior pleadings and has not included in the second amended

complaint. However, Torres was granted leave to file a second amended complaint. The allegations in the prior pleadings are no longer before this court. *See 188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 736 (7th Cir. 2002)(stating that "[a]n amended pleading ordinarily supersedes the prior pleading," and that "[t]he prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio")(quoting *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955)(internal quotations omitted). NES's arguments relating to the prior pleadings are not on point, and NES's speculation as to Torres' reasons for deciding to amend the pleadings is irrelevant at this juncture. The issue before the court at this juncture is whether Torres has stated a valid FDCPA claim in the second amended complaint. In reviewing such allegations, Torres' allegations in the second amended complaint must be accepted as true, and NES cannot contest the facts alleged in the second amended complaint at this juncture.

II. Recordings of Telephone Calls

NES has presented the court with recordings (Recordings) of the Telephone Calls made by NES to Torres (Telephone Calls), which NES contends makes clear that Torres was fully aware that the full amount of the Debt was going to be withdrawn on February 29, 2012. NES contends that the court can consider the

Recordings in ruling on this motion to dismiss, citing *Tierney v. Vahle*, 304 F.3d 734 (7th Cir. 2002), in which the Seventh Circuit ruled that the district court could consider a letter that was referenced in the complaint, even if it had not been attached to the complaint. *Id.* at 737-39; (Mot. Dis. 4). The Seventh Circuit has held that "[i]n deciding a motion to dismiss for failure to state a claim we may consider documents attached to or referenced in the pleading if they are central to the claim." *Citadel Group Ltd. v. Washington Regional Medical Center*, 692 F.3d 580, 591 (7th Cir. 2012). However, NES fails to cite any controlling precedent holding that a recording or a transcript of a recording of an oral conversation can be considered by a court at the motion to dismiss stage simply because the conversation was referenced in the complaint.

III. Plausibility of Facts

NES argues that based upon the Recordings, Torres has failed to state a valid FDCPA claim. Torres contends that NES violated 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* Torres claims that NES mislead her into believing that NES was only going to withdraw $400 from her checking account at the end of February. Torres also contends that

NES violated 15 U.S.C. § 1692f, which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* Torres claims that NES violated 15 U.S.C. § 1692f by removing funds from Torres' checking account without her authorization.

NES argues that Torres' allegations are bizarre and make no sense in light of the Recordings. (Mot. 9-10). However, NES is attempting to argue the merits of this case, rather than addressing the sufficiency of the allegations in the second amended complaint. When NES argues that its position is "more plausible" than Torres' position, it is apparent that NES is presenting arguments that involve an analysis of the evidence in this case, instead of whether the facts alleged by Torres plausibly suggest a valid claim. (Mot. Dis. 11, 14).

NES also presents other arguments that delve beyond the allegations in the second amended complaint. NES argues that the court should conclude that Torres "is far more intelligent than the average so-called 'unsophisticated consumer,'" and that certain statements made by NES were not material statements. (Mot. Dis. 13, 15). NES also presents arguments as to how the court should view certain evidence, arguing, for example, that one statement made by an NES employee to Torres was merely "an off-the-cuff statement of a low level employee and does not reflect whether [NES] . . . determined that the funds were improperly withdrawn." (Reply

5). NES also argues that the court "is not required to accept [Torres'] self-serving recollection or 'spin' on what was said during the recorded conversation and correspondence," citing *Tinsley v. Integrity Financial Partners, Inc.*, 634 F.3d 416, 417 (7th Cir. 2011). (Mot. Dis. 13). However, in *Tinsley*, the Seventh Circuit was reviewing a district court's ruling on the defendant's motion for summary judgment, not a motion to dismiss. 634 F.3d at 417. NES's arguments are premature at the motion to dismiss stage, and such arguments may only be made at the summary judgment stage.

Finally, NES makes statements in its reply relating to Torres' chance of success on the merits. Such arguments as to whether Torres will prevail at trial and the amount of damages she will recover are not relevant to the inquiry before the court in deciding NES's motion to dismiss. Therefore, based on the above, NES's motion to dismiss is denied.

**CONCLUSION**

Based on the foregoing analysis, NES's motion to dismiss is denied. The court also notes that Torres initially filed a motion for class certification premised on the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 *et. seq.*

Torres has not included a TCPA claim in the second amended complaint, and therefore, the motion for class certification is stricken as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 7, 2013