IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 2267 |
| | ) |
| NATIONAL ENTERPRISE SYSTEMS, | ) |
| INC. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant National Enterprise Systems, Inc.'s (NES) motion for summary judgment. For the reasons stated below, the motion for summary judgment is denied.

**BACKGROUND**

Plaintiff Christina Torres (Torres) contends that in January 2012, NES telephoned her on several occasions in connection with the collection of a debt (Debt) for a student loan incurred by Torres' husband. Torres claims that during one telephone conversation on January 13, 2012 (January 13 Call), she indicated that she could not afford to make a payment towards the Debt. Torres claims that she stated that she would be able to pay $400 on January 31, 2012, and agreed to provide NES

1

with the necessary information relating to Torres' checking account to enable NES to withdraw the $400 on that date. Torres allegedly also indicated that she might be able to pay the remainder of the Debt when she received her tax refund. According to Torres, at the beginning of March 2012, NES withdrew $2,295.53 from Torres' checking account. Torres contends that her account then became overdrawn and that she had to borrow money from a friend to pay rent and other necessities. Torres includes in her second amended complaint a claim brought under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, alleging a violation of 15 U.S.C. § 1692e and a FDCPA claim alleging a violation of 15 U.S.C. § 1692f. NES moved to dismiss the claims in the second amended complaint, which the court denied on March 7, 2013. NES now moves for summary judgment.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

NES argues the undisputed facts show that Torres specifically authorized the $2,295.53 withdrawal from her checking account. NES also argues in the alternative that the undisputed facts show that NES did not act in a false, deceptive or misleading manner or utilize unfair or unconscionable collection methods.

I. Authorization by Torres

NES argues that a transcript of the January 13 Call shows that Torres agreed to allow NES to withdraw funds from her checking account. It is undisputed that NES withdrew $2,295.53 from Torres' checking account on February 29, 2012. (SF Par. 25, 34). NES's argument relating to Torres' authorization is based on its interpretation of the statements in the transcript of the January 13 Call. Torres likewise has presented an interpretation of the statements in the transcript that support her position. Torres points out, for example, that during the January 13 Call, she specifically agreed to allow NES to withdraw $400 on January 31, 2012, but indicated that she would need to wait until she had received her tax return to make a

larger payment. (R SAF Par. 3). It is also undisputed that Torres did not receive her tax return until mid-March 2012. (R SAF Par. 4). NES points to a subsequent portion of the January 13 Call where NES referenced a "$2,994.02," saying "it would be a $2,294.02." (SJ Mem. 4-5); (R SAF Par. 8). However, Torres contends that she understood the mention of $2,294.02 to refer to the total on the loan, including interest that was going to accrue, not to any payment that was going to be withdrawn from her account. Torres also points out that it is undisputed that $2,295.53 not $2,294.02, was actually withdrawn from her checking account. (R SAF Par. 8). NES contends that on January 24, 2012, it sent a letter by email to Torres and in the email NES confirmed that it would withdraw $2,295.53 from Torres' checking account on February 29, 2012. (SF Par. 25). However, Torres contends that she did not open the email until March, after the withdrawal. (R SF Par. 25). Torres testified to such facts at her deposition. (Torres dep. 20-23). Thus, according to Torres, she did not impliedly agree to a withdrawal that she knew nothing about. For the purposes of the instant motion, all reasonable inferences must be made in favor of Torres, the non-movant. *Anderson*, 477 U.S. at 255. Thus, the court cannot grant NES's motion based on the inferences that it seeks to draw from the evidence in its favor.

    NES also contends that after the January 13 Call, Torres sent NES an email (Email) confirming what was agreed to during the call. NES contends that in the Email, Torres agreed to "pay the balance by the end of February." (SJ Mem. 5). However, as Torres correctly points out, the only specific language in the Email

4

authorizing a withdrawal from her checking account is for the $400. (R SAF Par. 17). Torres contends that it was understood that she was not going to be able to pay more unless she received her tax return and at that point she would discuss further withdrawals with NES. Whether or not the reference in the Email to paying the balance at the end of February is sufficient to establish that Torres authorized the $2,295.53 from her checking account, will be an issue to be decided by the trier of fact at trial.

     NES also contends that after the January 13 Call NES's automated system sent three confirmation letters (Letters) to Torres, dated January 15, January 23, and February 20, 2012. (SF Par. 17). However, Torres contends that she never received the Letters. (R SF Par 17). Torres also contends that the evidence presented by NES does not show that the Letters were actually sent. In addition, Torres argues that based upon her not receiving the Letters, and NES's inability to produce any exact copies of the Letters, there is evidence from which a reasonable jury could infer that the Letters were never sent by NES. (R SF Par. 17). Although NES asserts that it has evidence showing that it mailed the Letters and that Torres thus received the Letters, NES does not have sufficient evidence to conclusively establish its version of the facts as a matter of law. Such genuinely material disputed facts cannot be resolved by the court at the summary judgment stage. Fed. R. Civ. P. 56(c); *Smith*, 560 F.3d at 699; *see also Feldman v. Olin Corp.*, 692 F.3d 748, 755 (7th Cir. 2012)(explaining that "because the evidence . . .[was] mixed" the court could not rule as a matter of law). Thus, NES has failed to show that no reasonable jury could find

other than that Torres authorized the $2,295.53 withdrawal from her checking account. That issue is one for the jury to resolve at trial.

The court notes that Torres has also filed a motion to bar evidence relating to the Letters and for an adverse inference based on NES's destruction of the Letters. However, in opposition to the instant motion, Torres contends that she never received the Letters and that NES never sent the Letters. Such issue is disputed. Therefore, the motion to bar is denied as moot.

II. Collection Methods by NES

NES argues that even if Torres did not in fact receive the Letters, the evidence shows that NES acted in good faith and did not act in a false, deceptive or misleading manner or utilized unfair or unconscionable collection methods. However, in presenting such an argument, NES is viewing the evidence in this case in the manner proposed by NES. There is not such overwhelming evidence establishing NES's good faith intent or the nature of its conduct to rule in its favor as a matter of law. Whether or not NES engaged in conduct that violated the FDCPA claim will be for the jury to decide. Therefore, based on the above, NES's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, NES's motion for summary judgment is denied.

```
_____
Samuel Der-Yeghiayan
United States District Court Judge
```

Dated: October 4, 2013